[1] Reported in 215 N.W. 858.
Appeal from a judgment confirming a reassessment of local improvement benefits against real estate belonging to appellant, the Sherburne Company. The proceeding has been here before.164 Minn. 31, 204 N.W. 558. The property now in question is the block on the north side of University avenue in St. Paul between Capitol boulevard on the west and Cedar street on the east. It is the "Old Merriam Homestead" just north of the Capitol. The improvement not only widened University avenue along the entire south side of the property, but also lowered its grade on a regular incline from *Page 498 
about two feet at the west end of the block to over 25 feet at the east or Cedar street end. At the latter corner, whereas University avenue and Cedar street formerly intersected at grade and on substantially the level of appellant's property, University is now carried under Cedar and the latter remains at its old level, carried over the intersection on a new concrete viaduct, which is one item of the improvement. The widening and lowering of University avenue required the taking of a substantial strip across the whole front of the block. That was done under the power of eminent domain, and appellant has been paid the resulting damage. The question here goes to the benefit, if any, resulting to the block less the strip so taken.
Appellant, claiming damages for the grade reduction, sought to recover in an action at law, but verdict and judgment were for the city. That judgment bars any further demand for damages. We cannot see, however, that it interferes with the claim that benefits, if any, are offset by damages. The judgment in appellant's action for damages prevents an affirmative recovery against the city. The issue now is whether, through the confirmation of the assessment under review, the city may have an affirmative recovery against appellant.
The one question is whether there is evidence sustaining the finding that appellant's property was benefited in the sum of $728.22. There had been a prior assessment for a larger amount. It failed the test of court review, and the matter went back for reassessment. The city council made a reassessment of $1,456.44. That being again challenged when the city applied for a judgment confirming the assessments, the judgment now under review reduced it to $728.22. The claim for appellant is that there is no evidence to sustain that conclusion nor any assessment of benefits.
In that we cannot agree. To start with, the assessment itself must be given the benefit of the usual presumption attending an official determination of that kind. In addition, there is the testimony of a well qualified witness for the city, which, summarized, is that the benefit to appellant's property was considered to consist *Page 499 
of the ornamental lights, which were new and a part of the improvement, the new paving, and "working the street [University avenue] to the full width." This evidence is not as satisfactory as could be wished, but having been considered sufficient below, we do not feel at liberty to reverse. We cannot deny the implication that the ornamental lights and the supplanting of the old with the new paving were of substantial benefit. We construe the benefit supposed to result from "working the street to the full width" as contemplating a value added by the fact that, whereas before the improvement the property faced upon a little used street, it would abut after the improvement upon a heavily used thoroughfare for intercity and other automobile traffic. It is not our function to say just how much of such benefit would result. Neither are we in a position to say that there is so little ground for the assertion of the benefit indicated that the finding predicated thereon is without sufficient support or opposed by a manifest preponderance of evidence.
The proof for appellant is strong, but it consists of the opinions of realtors, the weight of which, notwithstanding its persuasiveness, was for the trial judge. We cannot say that he was in error in giving the evidence for the city controlling effect.
Judgment affirmed.